UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMOGA HAKIM EL, et al.,

        Plaintiffs,

vs.

DTE ENERGY, et al.,

        Defendants.
_____/

Civil Action No.
07-CV-13659

HON. BERNARD A. FRIEDMAN

**OPINION AND ORDER GRANTING PLAINTIFFS' APPLICATION TO
PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT**

This matter is presently before the court on plaintiffs' application to proceed in forma pauperis. For the following reasons, the court shall (1) grant the application and therefore allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint because it is frivolous and/or fails to state a claim upon which relief may be granted.

Pursuant to 28 U.S.C. § 1915(a)(1), the court may permit a person to commence a lawsuit without prepaying the filing fee, provided the person submits an affidavit demonstrating that he/she "is unable to pay such fees or give security therefor." In the present case, plaintiffs' application to proceed in forma pauperis makes the required showing of indigence. Although the application is not signed, as required by the statute, the court shall grant the application and permit the complaint to be filed without requiring plaintiffs to prepay the filing fee.

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the court is required by statute to dismiss an in forma pauperis complaint if it

> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28. A complaint fails to state a claim upon which relief may be granted if, while viewing the facts in the light most favorable to plaintiff, it is clear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In the present case, he complaint is unintelligible and entirely nonsensical. Plaintiffs have filed a Notice of Removal Based Upon Diversity of Citizenship, in which they indicate that they brought suit in Michigan's 36th District Court and now are removing the matter based on the parties' diversity of citizenship. Removal is a procedure available to defendants only. Plaintiffs may not remove a case from state to federal court. *See* 28 U.S.C. § 1441. Nor is there diversity of citizenship, as plaintiffs indicate that all parties are citizens of Michigan.

The barely legible photocopy of a carbon copy of the state court complaint, which is attached to the removal notice, makes unintelligible allegations against DTE Energy that it made "unlawful use of my bill of exchange," "mailed fraudulent information," and "used the U.S. Postal Service to collect pymt." Even if the removal of this matter were possible and procedurally proper, there is no jurisdictional averment that would permit this court to entertain the matter.

Plaintiffs have also filed a Motion for Restraining Order Pending Hearing on Civil Matter Summons & Complaint and Motion for Change of Venue. Plaintiffs indicate they are "moral

MOORISH sentient being[s], being neutral, authorized representative[s]" of themselves.  In the following paragraphs, it appears the case involves a dispute between plaintiffs and the power company as to whether plaintiffs have paid their bill.  This court has no jurisdiction over disputed utility bills.  Accordingly,

       IT IS ORDERED that plaintiffs' application for leave to proceed in forma pauperis is granted.  The complaint is filed and the filing fee need not be prepayed.

       IT IS FURTHER ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

|  |  |
|---|---|
| Dated:  August 31, 2007<br>    Detroit, Michigan | ___s/Bernard A. Friedman_____<br>BERNARD A. FRIEDMAN<br>CHIEF UNITED STATES DISTRICT JUDGE |